MARBURG vs. CANFIELD.

APPEAL from the court of the first district.

MATHEWS, J., delivered the opinion of the court. This suit is brought to recover from the defendant the sum of 387 dollars 60 cents, which is alleged by the plaintiff to be due to him on account of cotton sold, for his benefit, by said defendant.

An interest in the event of the suit, alone renders a witness incompetent.

A note received for a precedent debt, operates a *novation*, if after receiving it, due diligence is not used to collect it, and notify the endorser.

The answer contains a plea in compensation, founded on a payment made by the defendant, of debts due by the plaintiff to other persons, as being properly chargeable in account against the latter. After hearing the evidence offered by both parties, in the court below, which was received in opposition to several bills of exception, the judge gave final judgment in favor of the plaintiff, from which the defendant appealed.

The contest between the parties arises out of a bill of exchange drawn by the plaintiff in favor of Canfield & Hill, on Stackhouse, who accepted it, and made several payments to the holder, Gascoign, who held it by regular endorsement from the payees. In the present

suit, the acceptor was offered, and received as a competent witness on the part of the plaintiff, to prove full payment of said bill; and to this testimony a bill of exceptions was taken by the defendant, which, according to the examination we have made of the case, is the only exception that requires investigation. The objection to the competency of the witness, is founded on alleged interest, in consequence of his obligation to pay as acceptor. In relation to the competency or incompetency of witnesses, on the ground of interest, the most approved rules on the subject seem to exclude such persons only, who are directly interested in the event of the suit, and are called on to support that interest; or where the verdict and judgment, to obtain which their testimony is offered, would be admissible evidence in their favor in another suit. The judgment in the present case, does not necessarily affect the interest of Stackhouse, the witness. If the defendant be defeated in his plea of compensation against the plaintiff, the witness is still liable to him on his acceptance, which liability will not be affected by the judgment in the present case: if, on the contrary, the defendant succeeds in main-

taining his right to compensation, then the witness remains under his former obligations to the drawer of the bill, and no more. See *Chitty on Bills*, p. 528, *Am. edit.* 1821; and *Phillips' Evidence*, p. 44.

We are therefore of opinion, that the judge *a quo* did not err in allowing Stackhouse to testify in the present suit: his testimony proves payment in full of the bill of exchange, made in various manners and at different times. The truth and reality of this payment is not disputed, except as to one item, which the witness states was made on a note of one Carroway, payable at the bank in Woodville, and was received as payment by the holder of the bill, Gascoign.

The weight of evidence, as it appears on the record, is, perhaps, opposed to the truth of the assertion, that Carroway's note was received as actual payment, and operated immediately a discharge of the bill *pro tanto*; but, the whole testimony taken together, shows clearly that such a note was received by H. Jackson & Co. as agents of Gascoign, to be collected, and the proceeds appropriated to the payment of Stackhouse's acceptance. It is also equally clear, from the

evidence, that the agents of the holder of the bill were guilty of great laches, or gross negligence, in not using the proper means to collect said note, and giving due notice to the endorser thereon, who was Stackhouse, the acceptor of the bill held by Gascoign, to whom he intended that said note should effect a payment. This negligence of Jackson & Co. must be imputed to their principal, the holder of the bill. Although, probably the note was not in the first instance received as a payment, yet the laches of the holder has made them responsible to the payee and endorser for the amount; and it must now be considered as so much paid on the bill, which it was intended to pay. The principles herein recognised, are the same as those on which the case of *Penn* vs. *Poumeirat* was decided. *Vol.* 2, *p.* 541.

From this view of the case, it is readily seen, that there is no necessity to examine any other points made in the cause.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs.

*Preston* for the plaintiff, *Hoffman* for the defendant.